## The OVERSEERS OF THE POOR OF BOSTON *versus* HARRISON GRAY OTIS.

If the same land is twice demanded in a writ of right, the writ is abatable.

Thus, a writ of right containing two counts for the same land, one alleging the demandants' own seisin, the other the seisin of their predecessors, was *held* to be abatable.

A writ of right is amendable.

A plea in abatement to a writ of right, that it contained two counts for the same land on two distinct seisins, having been sustained on demurrer, the demandants were allowed to amend, or discontinue as to one of the counts.

WRIT of right. The writ contained two counts; the first, describing two parcels of land and alleging that within forty years the predecessors of the demandants were seised of the same in their demesne as of fee and right; the second, describing in the same words two "other" parcels, and alleging that within thirty years the demandants were seised of the same in their demesne as of fee and right.

The tenant pleads in abatement of the writ and declaration, that the land mentioned in both counts is the same land, whereby it appears that the demandants demand the same land upon two several, different and inconsistent titles, which several demands by the law of the land cannot be joined in one and the same writ and declaration.

The demandants demurred.

*J. Pickering* and *Bartlett,* for the demandants, cited *Buck-*
*mere's case,* 8 Co. 86 ; Jackson on Real Actions, 102, 103,
108, 228, 288 ; Gilb. Hist. C. C. P. 3 ; Steph. Pl. 150,
260, 279, and Appendix, note 38 ; 12 Mod. 377 ; Stearns
on Real Actions, 140, 369 ; 2 Wms's Saund. 209, 210,
note ; *Green* v. *Liter,* 8 Cranch, 230 ; *Hallock* v. *Powell,*
2 Caines's Rep. 216 ; 1 Reeve's Hist. 319 ; 1 Roscoe on
Real Actions, 1, 75, 190 ; 6 Dane's Abr. 59, 72 ; Sulli-
van on Land Titles, 246 ; Booth on Real Actions, 2 ; 7
Dane's Abr. 694, 708.

*J. Mason, C. P. Curtis, C. G. Loring* and *B. R. Curtis,*
for the tenant, cited 2 Wms's Saund. 45*a,* note ; *Slade* v.
*Dowland,* 2 Bos. & Pul. 570 ; 1 Roscoe on Real Actions,
175, 176, 207, 208 ; Jackson on Real Actions, 15, 103,
104, 289 ; *Buckmere's case,* 8 Co. 85 ; Fitzh. N. B 208,
209 ; Com. Dig. *Abatement,* G 2, G 4 ; *Otis* v. *Warren,*
14 Mass. R. 240 ; *Dewey* v. *Brown,* 5 Pick. 238 ; *Green* v.
*Liter,* 8 Cranch, 243 ; Stearns on Real Actions, 369 ; Com.
Dig. *Action,* G 1 ; Bac. Abr. *Actions in General, C* ; Thel.
Dig. *bk.* 8, *c.* 25, § 1, and *bk.* 10, *c.* 14, § 11.

WILDE J. delivered the opinion of the Court. This is a
writ of right, containing two counts, in one of which the
demandants count on their own seisin, and in the other on
the seisin of their predecessors in office ; and the principal
question raised by the plea in abatement is, whether these
counts thus framed can be joined. The first objection is,
that the same land is demanded in each count. This objec-
tion is maintained by the authorities, both ancient and modern ;
and although it may appear too nice, and inconsistent with
the rules of pleading in personal actions at the present day,
it is countenanced by the uniform mode of declaring in real
actions, not only in England, but in this Commonwealth.

If the same land is twice demanded in the writ, the writ
is abatable. Thus, if the writ demands a manor, and an
advowson, parcel of the same manor, or a messuage, and a
house which is part of the messuage, the writ will abate. In
the present case the entire land demanded in the first count
is again demanded in the second count. This appears on
the face of the declaration, the description of the two par-

cels demanded in each count being identical, and the aver-ment that they are other and different is falsified. If it were otherwise, and the description were less certain, the tenant might plead non-tenure as to two parcels, and would be entitled to a view to ascertain whether he held all the land demanded. Or without a view he might plead that he held the lands demanded in the first count, and did not hold any other lands as demanded in the second count, and the truth of the plea appearing to the court, however it might be ascertained, the writ must abate. By the ancient common law, if more land were demanded of the tenant than he held, he might plead non-tenure as to the parcel he did not hold, and abate the whole writ. But by 25 *Edw.* 3, *st.* 5, *c.* 16, the writ in such case should abate only as to the parcel not held by the tenant. But whether the writ is abatable in part or in the whole, the demandant can obtain no advantage by demanding the same land in different counts. The averment that land demanded in one count is different from that demanded in the other, may be traversed and falsified, and without such an averment the declaration would be bad for duplicity according to the rules of pleading in personal actions. Upon a principle somewhat similar the law will not allow two actions to be pending for the same cause of action. And if two actions be brought at the same time, for the same demand, they may be pleaded each in abatement of the other. Bac. *Abatement,* M ; *Mayor &c. of London* v. *B,* Freem. 401.

Another objection to the writ and declaration is, that the demandants count on two distinct seisins ; in the one count alleging their own seisin in their demesne as of fee and right, and in the other count, the seisin of their predecessors ; in the one count averring a seisin within thirty years, and in the other count, a seisin within forty years, next before the commencement of the action ; thus relying on two distinct seisins or titles. And that this may be well pleaded in abatement, appears from *Buckmere's case*, 8 Co. 85, and the other authorities cited. It is a good plea in abatement, that the complaint is of two several and distinct causes of action, or that the demandant counts on the seisin of two ancestors ; for it is a rule of law, that a demandant must make himself heir of

successor to the person last seised.    It seems to be doubtful whether darrein seisin is a good plea to a writ of right ; but the better opinion I think is, that it may be pleaded without title, in abatement to a writ of right, as well as to a writ of entry.    Jackson on Real Actions, 285.

But without considering this doubtful question, we think it is a sufficient objection to the writ, that it contains two counts, and that the claim and title of the demandants is founded on two distinct seisins.    This form of declaring is novel in practice, and inconsistent with the rules of pleading in real actions. The two counts require different pleas as to the alleged seisins, and two distinct issues, which is unauthorized by law or practice in a writ of right or other real action.

These principles have not been controverted by the demandants' counsel ; but they have argued that they are founded on artificial distinctions, and that the rule against double counts arose from the difference of process in England, and the fines paid on taking out the original ; and therefore are not binding in this Commonwealth.    The same argument would apply as to the rule against the joinder of personal actions arising *ex contractu* and those arising *ex delicto*.    Yet these cannot be joined, although our process in each action is the same.    But the rules of pleading on which the objections to the writ are founded, have not their origin from the different forms of process in England, but were established in ancient times to prevent duplicity in pleadings.    In personal actions these rules have been much modified, but in real actions they remain unchanged.

Under the Colonial and Provincial Governments, and for some years after the American revolution, the forms of pleading in real actions were not strictly observed ; but the loose practice of former times has long since been corrected in conformity to the principles of the common law, and is now well settled.    Until the argument in this case, I thought it was universally understood by the profession, that in a writ of right or writ of entry double counts were not admissible.    Such we consider the rule of pleading to be and are therefore of the opinion that the plea in abatement is good.

Whether the writ shall abate in the whole, or in part only, it

is not necessary to decide ; because we are of opinion that the demandants may have leave to withdraw their demurrer and to amend their writ, or to discontinue as to one of the counts. A writ in a real action, since the 25 *Edw.* 3, *st.* 5, *c.* 16, which is in force here as a part of our common law, as before remarked, may abate in part when the tenant does not hold all the land demanded ; but in the present case the land demanded is all claimed by the tenant, the two parcels describ-ed in the first count being the same which are described in the second count. But as the demandants may discontinue as to one count, *the question whether the writ shall abate in part only* becomes immaterial.

It is objected that writs of right are not amendable, and so the law seems to be considered in England. But the ground on which amendments have been refused there seems to be, that the court may grant or refuse amendments in their dis-cretion, and that writs of right are to be discouraged. *Scot* v. *Perry*, 3 Wils. 206 ; *Dumsday* v. *Hughes*, 3 Bos. & Pul. 453 ; *Charlwood* v. *Morgan*, 4 Bos. & Pul. 64. But in a late case, *Goore* v. *Goore*, 1820, Roscoe on Real Actions, 179, on argument before Mr. Justice *Bayley* and Mr. Baron *Wood*, leave to amend a writ of right was granted, *Wood* B. observ-ing, " that he could not agree that writs of right were to be discouraged by the judges, while they remained part of the law of the land." In England a demandant on non-tenure pleaded as to part of the land demanded, may strike out or abandon the part not held by the tenant, and thus vary the extent of his claim, which is denominated abridging his de-mand, which is in effect equivalent to a *nolle prosequi*, or an amendment of the writ and count. Com. Dig. *Abridgment*, *A* 1, *A* 2.

But whatever may be the law of England, here we think there is no doubt that writs of right, as well as other writs, may be amended. So it was decided in *Holmes* v. *Holmes et al.* 2 Pick. 23 ; and before that decision amendments had been frequently allowed without objection. We know of no good reason why writs of right should be discouraged. A party may bring his writ of right in the first instance, instead of resorting to the common remedy by writ of entry, and

the trial is equally simple and more favorable to the tenant, for if the demandant fails the judgment against him will be conclusive. We do not, however, consider the question as depending on the discretion of the Court, for the statute expressly provides, " that no writ, declaration, &c. shall be abated for any kind of circumstantial errors or mistakes, nor through defect or want of form only, and the Court, on motion made, may order amendments." *St.* 1784, *c.* 28, § 14. [Revised Stat. *c.* 100, § 21.] The statute extends to all writs and declarations, and cannot be construed so as to admit of any exceptions.